DAVID N. WOLF (6688)
GREG SODERBERG (14016)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@agutah.gov
E-mail: gsoderberg@agutah.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CINEMA PUB, L.L.C., d/b/a BREWVIES, | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES** |
| Plaintiff, | |
| v. | Case No. 2:16-cv-00318-DN |
| SALVADOR D. PETILOS, et al., | Judge David Nuffer |
| Defendants. | |

## INTRODUCTION

Plaintiff's Supplemental Motion unfairly attempts to hold Defendants hostage to Plaintiff's current and future attorney fees claims by offering a modest 25% discount, in exchange for Defendants conceding the overall reasonableness of Plaintiff's Motion for Attorney Fees, Reply Memorandum, response to objections and Supplemental Motion.[1] Plaintiff's

---

[1] Suppl. Mot. at 1 doc. 101.

supplemental fee request is as unreasonable and its original motion; accordingly, Defendants submit this response.

## ARGUMENT

Plaintiff's attorney fees should be excluded or reduced because Plaintiff's counsel did not exercise proper billing judgment,[2] Mr. Anderson's hourly rate is not reasonable and exceeds the rate he agreed to charge his paying clients, and the overall amount of time Plaintiffs' counsel spent preparing the Reply Memorandum in support of its fee request—275 hours—is excessive by any measure.[3] Defendants incorporate by reference arguments made in their Opposition Memorandum and Objection that Mr. Anderson's rate should be reduced and that the declarations submitted by Plaintiff are improper.[4]

The amount of attorney fees requested by Plaintiff in its Supplemental Motion should be substantially reduced. Plaintiff's counsel spent a large amount of time on improper tasks, such as declarations by other attorneys that attest to the ultimate issue of whether the fees are reasonable, and also caused unnecessary duplication of effort by staffing a law clerk and two attorneys on a straightforward reply memorandum. Defendants' responses to Plaintiff's attorney fee motions are necessitated by Plaintiff's shortcomings in its billing practices and failure to exercise proper billing judgment throughout this case. So Plaintiff's contention that Defendant caused a second "major litigation"[5] over fees is erroneous and unfounded. It is Plaintiff, not Defendants, who improperly and unnecessarily created a second round of litigation over the reasonableness of the

---

[2] Opp. Mem. at 1–14 doc. 92.
[3] *Id.* at 15–17.
[4] *Id.* at 15–17, 21–22; doc. 99.
[5] *Id.* at 1.

requested fees by submitting five separate declarations from Ross Anderson,[6] two declarations from Robert Sykes,[7] and additional declarations from three other attorneys and one law professor not associated with this case.[8] The appropriate reduction here with regard to Plaintiff's counsel's time spent defending their fee request is closer to 100% than 25%. Plaintiff's counsel could have avoided most or all of Defendants' objections if Plaintiff's counsel had not block billed, kept more detailed time records, conducted tasks with greater efficiency, exercised proper billing judgment, and followed well-established rules for requesting attorney fee requests under section 1988.

It is unreasonable for two attorneys and a law clerk to collectively bill almost 275 hours and charge more than $62,000 for a fee request in a case that involved two contested motions for which no hearings were held. As demonstrated by Defendants in their Opposition to Plaintiff's Motion for Attorney Fees, never has a Plaintiff asked for so much in attorney fees from the State in similar cases.[9] The median household income in 2016 for Utah was $65,977.[10] Thus, Plaintiff's counsel seek almost as much money for filing one motion for a fee request as the average Utah family earns in an entire year. The billing records clearly demonstrate that Plaintiff's counsel have overworked and overstaffed this case and not exercised proper billing judgment. As one example, Plaintiff's counsel billed an astounding 133.2 hours—which does not include time spent gathering and drafting unnecessary declarations—drafting, researching, and

---

[6] Docs. 86-1, 89, 90, 98-1, 101.
[7] Docs. 86-1, 98-1.
[8] *Id.*
[9] Opp. Mem. at 17–20 doc. 92.
[10] http://www.deptofnumbers.com/income/utah/

repeatedly revising their Reply Memorandum in Support of Attorney Fees.[11] Mr. Anderson billed 23.9 hours, Ms. Walsh billed 12.4 hours, and Mr. Mason billed a breathtaking 96.9 hours.[12] Expending 133 hours for what is, excluding tables, about a 20-page memorandum is not reasonable.[13] Two hours per page should be more than enough time to craft a memorandum addressing the reasonableness of attorneys' fees. Six and a half hours per page is not reasonable. At their asked-for rates, and excluding time for the unnecessary declarations, those hours translate into approximately $11,000 for Mr. Anderson, $2,000 for Ms. Walsh, and $12,000 for Mr. Mason. Almost $25,000 for a 20-page memorandum is not reasonable, and Plaintiff's attorney fee request should be substantially reduced. Because the State, and not their own client, will be paying the legal fees, the Court must carefully guard against counsels' tendency to further their own self-interest at the expense of their adversary.[14]

## CONCLUSION

Defendants implore the Court to reduce Plaintiff's Supplemental Motion for Attorney fees by at least two-thirds to $20,000 or less. Defendants' objections and oppositions have been necessitated by Plaintiff's counsel's poor billing practices and billing judgment, and failure to follow rules regarding requests for attorney fees under section 1988.

---

[11] *See* App. To Suppl. Mot. at 6–16 doc. 101-1.
[12] *Id.*
[13] Reply Mem. Supp. Attorney Fees at 7–28 doc. 98.
[14] *See Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998) ("This concern is particularly important in a situation where a party is seeking to have his opponent pay for his own lawyer's work."); *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) ("Lawyers charging fees to adversaries rather than clients may be less likely to carefully scrutinize the hours spent to determine if payment for the task performed is justified.')

4

DATED: January 11, 2018

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ David N. Wolf
DAVID N. WOLF
GREG SODERBERG
Assistant Utah Attorneys General
*Counsel for Defendants*