IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CINEMAPUB, L.L.C., d/b/a BREWVIES,<br><br>Plaintiff,<br><br>v.<br><br>SALVADOR D. PETILOS, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER AWARDING ATTORNEYS' FEES AND COSTS**<br><br>Case No. 2:16-cv-00318-DN<br><br>District Judge David Nuffer |

Plaintiff Cinemapub L.L.C. ("Brewvies") filed two motions[1] seeking an award of attorneys' fees and costs totaling $596,906.35 against Defendants Utah Department of Alcoholic Beverage Control and the State of Utah (collectively, the "State") under 42 U.S.C. § 1988 and rule 54(d) of the Federal Rules of Civil Procedure.[2]

Although the State concedes that Brewvies "is entitled to a reasonable award of attorneys' fees" as the prevailing party in this case, the State argues that the fees requested should be "substantially reduced" because they are "excessive and completely unreasonable."[3] According to the State, Brewvies' attorneys did not exercise "proper billing judgment;" their maximum

---

[1] Plaintiff's Motion for an Award of Attorneys' Fees and Costs and Memorandum in Support ("Motion"), docket no. 86, filed October 16, 2017; Plaintiff's Supplemental Motion Requesting an Award of Additional Attorneys' Fees Incurred from October 1, 2017, Through December 22, 2017 ("Supplemental Motion"), docket no. 101, filed December 29, 2017.

[2] *See* Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for an Award of Attorneys' Fees and Costs, Exhibit 4, docket no. 98, filed December 7, 2017 ("Reply"); Plaintiff's Memorandum of Costs Under 28 U.S.C. § 1920 and Verification of Bill of Costs Under 28 U.S.C. § 1924 ("Bill of Costs"), docket no. 82, filed October 5, 2017.

[3] Defendants' Memorandum in Opposition to Plaintiff's Motion for an Award of Attorneys' Fees and Costs ("Opposition"), at 8, 40-41, docket no. 92, filed November 13, 2017.

hourly billing rate should not exceed $385; their fees should be reduced by donations Brewvies received; and some of their time entries are imprecise, incomplete, vague, and duplicative.[4]

To determine the amount of attorneys' fees that should be awarded to a prevailing party, courts "generally determine what fee is reasonable by first calculating the lodestar—the total number of hours reasonably expended multiplied by a reasonable hourly rate—and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome."[5]

Based on the evidence presented, the arguments and objections of the parties,[6] and for good cause appearing, the loadstar in this case is $496,949.50, which is calculated as follows:

|                   | Position  | Hours  |   | Rate   |   | Fees       |
|-------------------|-----------|--------|---|--------|---|------------|
| Amin Alehashem    | Attorney  | 71.20  | × | 180.00 | = | 12,816.00  |
| Ross Anderson     | Attorney  | 870.50 | × | 385.00 | = | 335,142.50 |
| Janet Conway      | Attorney  | 213.60 | × | 190.00 | = | 40,584.00  |
| Marshall Thompson | Attorney  | 165.00 | × | 190.00 | = | 31,350.00  |
| Vanessa Walsh     | Attorney  | 156.90 | × | 150.00 | = | 23,535.00  |
| Walter Mason      | Clerk     | 412.60 | × | 120.00 | = | 49,512.00  |
| Becky DeLawder    | Paralegal | 8.20   | × | 50.00  | = | 410.00     |
| Angela Larson     | Paralegal | 4.30   | × | 50.00  | = | 215.00     |
| Shawn Parker      | Paralegal | 67.70  | × | 50.00  | = | 3,385.00   |
| **Lodestar**      |           |        |   |        |   | **496,949.50** |

Under the circumstances, it is not appropriate to adjust the lodestar upward by 10% of Mr. Anderson's billed time, as Brewvies requests. But it is appropriate to adjust the lodestar downward by $22,494.28 to account for the total net amount of donations that Brewvies received

---

[4] *Id.* §§ I-III, V; *see* Memorandum in Opposition to Plaintiff's Supplemental Motion for Attorneys' Fees ("Supplemental Opposition"), docket no. 102, filed January 11, 2018.

[5] *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997) (citation omitted).

[6] *See* Motion, *supra* note 1; Corrected Supplemental Declaration of Ross C. Anderson in Support of an Award of Attorneys' Fees and Costs, docket no. 90, filed October 30, 2017; Opposition, *supra* note 3; Reply, *supra* note 2; Defendants' Objections to Declarations Attached as Exhibits to Plaintiff's Reply, docket no. 99, filed December 13, 2017; Plaintiff's Response to Defendants' Objection to Declarations Attached to Plaintiff's Reply, docket no. 100, filed December 20, 2017; Supplemental Motion, *supra* note 1; Supplemental Opposition, *supra* note 4, filed January 11, 2018; Plaintiff's Reply Memorandum in Support of Plaintiff's Supplemental Motion, docket no. 103, filed January 23, 2018.

for legal fees. Accordingly, as the prevailing party in this case, Brewvies should be awarded $474,455.22 in reasonable attorneys' fees.

It is undisputed that Brewvies should also be awarded $3,848.35 for taxable costs.[7]

Some of the parties' argument centered on the political nature of this litigation and the very unfortunate effect of a fee award on the public treasury. While the effect of attorneys' fee awards on the public treasury is something that the State may properly consider in enacting, enforcing, and defending legislation, that effect has nothing to do with the reasonableness of Brewvies' attorneys' fees. The political judgment of the State that it will enact a statute contrary to existing law and risk payment of legal fees is a legitimate choice, but it has consequences. As long as the legislature passes laws which the attorney general is obligated to defend, the financial risks to the State and taxpayers will continue. Legislative enactment of constitutional legislation – and abandonment or non-enforcement of unconstitutional legislation – is a better way to avoid this type of fee award.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Brewvies' motions for attorneys fees[8] is GRANTED IN PART and DENIED IN PART as follows: Judgment will be entered in favor of Brewvies against the State for reasonable attorneys' fees in the total amount of $474,455.22 under 42 U.S.C. § 1988 and rule 54(d) of the Federal Rules of Civil Procedure.

---

[7] Motion, *supra* note 1, at 15; Opposition, *supra* note 3, at 25.

[8] Plaintiff's Motion for an Award of Attorneys' Fees and Costs and Memorandum in Support, docket no. 86, filed October 16, 2017; Plaintiff's Supplemental Motion Requesting an Award of Additional Attorneys' Fees Incurred from October 1, 2017, Through December 22, 2017, docket no. 101, filed December 29, 2017.

IT IS FURTHER HEREBY ORDERED that judgment will be entered in favor of Brewvies against the State for taxable costs in the amount of $3,848.35 under 28 U.S.C. § 1920.

Signed September 26, 2018.

BY THE COURT:

David Nuffer
United States District Judge